THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

World Can't Wait
305 West Broadway, #185
New York, NY 10013

Travis Morales
World Can't Wait
511 C Street NE
Washington DC 20002

      Plaintiffs,

  v.

Gale A. Norton, Secretary
U.S. Department of the Interior
1849 C Street NW
Washington DC 20240

Richard Merryman, Chief
Division of Park Programs
National Park Service of the National
  Capital Region
1100 Ohio Drive SW
Washington DC 20242

Vikki Keys, Superintendent
National Mall and Memorial Parks
National Park Service of the National
  Capital Region
1100 Ohio Drive SW
Washington DC 20242

Terrance W. Gainer, Chief
United States Capitol Police
119 D Street NE
Washington DC 20510-7218

      Defendants.

CASE NUMBER 1:06CV00138

JUDGE: Ricardo M. Urbina

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 01/25/2006

JURY ACTION

**COMPLAINT FOR
DECLARATORY RELIEF**

1

## **COMPLAINT FOR DECLARATORY RELIEF**

### I. INTRODUCTION

Plaintiff, World Can't Wait (WCW), through counsel, submits this complaint for declaratory relief from the National Park Service, National Capitol Region, Office of Park Programs, January 19, 2006, partial denial of a permit to hold a political rally on portions of the National Mall and Capitol Reflecting Pool area during the President's State of the Union address on January 31, 2006. The denial is unreasonable, discriminatory, arbitrary, content-based, and unconstitutional.

### II. PARTIES

1. Plaintiff, World Can't Wait, is a not for profit corporation organized under the laws of the state of New York. Its corporate headquarters is 305 West Broadway, #185, New York, New York, 10013.

2. Plaintiff, Travis Morales, is a resident of Texas and an organizer for World Can't Wait. Mr. Morales made World Can't Wait's permit application to the National Park Service.

3. Defendant, Gale A. Norton, is the Secretary of the United States Department of the Interior (DOI). In this position, she is responsible for oversight of the National Park Service and the lands under its jurisdiction. These lands include the Capitol Reflecting Pool and National Mall. She is sued in her official capacity.

4. Defendant, Richard Merryman, is Chief of the Division of Park Programs for the National Park Service, National Capital Region (NPS-NCR). The Division of Park Programs grants and denies permits for use of the areas requested by WCW. He is sued in his official capacity.

5. Defendant, Vikki Keys, is the Superintendent of the National Mall and Memorial Parks for NPS-NCR. As Superintendent she determines the extent, nature, and duration of closures of parkland under NPS-NCR jurisdiction. She is sued in her official capacity.

6. Defendant, Terrance Gainer, is Chief of the United States Capitol Police. He is responsible for the security of the Capitol building complex and its grounds, and for requests for additional security measures made to other agencies. He is sued in his official capacity.

### III. JURISDICTION AND VENUE

6. This civil rights action is brought under the First Amendment to the United States Constitution and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

7. Plaintiffs' claims for relief are authorized by 28 U.S.C. §§ 1331 and 2201.

8. Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. §1391.

### IV. FACTS

9. On December 21, 2005, WCW applied to the NPS-NCR for a demonstration permit. The permit application sought the right to demonstrate on the Mall near the Capitol Reflecting Pool, as close to the Capitol as possible.

10. The permit application specified that WCW expected to draw 5,000-10,000 attendees. WCW also stated that it would bring "signs, banners, [a] stage, press stage, sound system, lighting equipment, and other equipment to be detailed." The rally would begin

approximately one hour before the State of the Union Address and would last until approximately 10:00 p.m.

11. NPS-NCR scheduled a meeting regarding this permit for January 10, 2006.

12. On January 10, 2006, representatives from WCW met with representatives of NPS-NCR, and the Capitol Police regarding the permit application. Robbin Owen and Leonard Lee attended for the NPS-NCR, and Seleta S. Kirkland attended for the Capitol Police.

13. During the January 10, 2006, meeting, NPS-NCR representatives suggested that WCW use the paved area surrounding the Capitol Reflecting Pool. Based on this assertion, WCW amended its application, stating: "We are requesting the use of the entire Capitol Reflecting Pool area and the opening of the [grassy areas] between First Street and Third Street for First Amendment protected activities. This is a compromise agreement."

14. On January 11, 2006, United States Capitol Police Chief, Terrance Gainer, requested that NPS-NCR restrict public access to the Capitol Reflecting Pool and its surrounding areas. He claimed the closure was required to permit the presidential motorcade to move unimpeded, and to protect dignitaries attending the State of the Union Address. Capitol Police stated their security preparations would begin at 12:30 a.m. on January 31, 2006, and would continue until 11:00 p.m.

15. On January 18, 2006, the NPS-NCR issued a Record of Determination closing the Capitol Reflecting Pool and surrounding area from 10:30 a.m. on January 31, 2006, until 1:00 a.m. on February 1, 2006.

16. On January 19, 2006, NPS-NCR issued a permit to WCW for use of the gravel and concrete walkways, of the National Mall between Third and Fourth Streets, for their

event. The permit denied WCW access to any of the grassy panels in this area of the National Mall. As a result, the only areas open for the WCW demonstration are a series of narrow strips of land surrounding the grass panels and bordering nearby streets. None of these areas are suitable for setup, use, or viewing of the stage, sound system, lighting system, or other equipment WCW described in its permit application. In addition, demonstrators in these areas would be forced to spread out over large areas, denied freedom of movement between different gathering spaces and other demonstrators.

17. The Capitol Police have not indicated any direct threat caused by WCW's demonstration.

18. The current Presidential administration consistently denies access to its detractors.

19. The grassy areas in question will not be harmed by WCW's demonstration.

20. Without a fully approved permit, WCW cannot hold their demonstration as intended.

## V. CAUSE OF ACTION
### (First Amendment Violations)

21. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 20.

22. Defendants violated the free speech rights of plaintiffs arising under the First Amendment to the U.S. Constitution by denying them use of the Capitol Reflecting Pool and grassy areas of the National Mall.

23. Defendants' unconstitutional conduct harmed plaintiffs ability to organize and execute their intended political demonstration. Plaintiffs suffered compensable injuries and damages including the violation of their Constitutional rights.

## VI. RELIEF REQUESTED

WHEREFORE, the plaintiffs request that this Court:

A. Issue an Order requiring Defendants grant the December 21, 2005, permit application, as amended on January 10, 2006, allowing use of the Capitol Reflecting Pool area, bordered by First Street NW/SW on the east, Pennsylvania Avenue, NW on the north, Maryland Avenue, SW on the South, and Third Street, NW/SW on the west.

B. Award reasonable attorneys' fees and costs; and

C. Any other relief the court deems just and appropriate.

### VII. JURY DEMAND

Plaintiffs demand a jury trial for any issues triable by jury.

Respectfully submitted,

January 25, 2006

James R. Klimaski (Bar no. 243543)
Edward J. Elder (Bar no. 460588)
KLIMASKI & ASSOCIATES, P.C.
1819 L Street NW
Suite 700
Washington, DC  20036-3830
(202) 296-5600

*Counsel to Plaintiff*